IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SANTA ROSA MALL, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> AON RISK SERVICES CENTRAL, INC. (dba AON RISK INSURANCE SERVICES CENTRAL, INC.), and AON SERVICE CORPORATION, <br><br> *Defendants*. | Civil Action No. <br><br><br> Plaintiff Demands Trial by Jury |

**COMPLAINT FOR PROFESSIONAL NEGLIGENCE, BREACH OF CONTRACTUAL DUTY, BREACH OF FIDUCIARY DUTY AND DEMAND FOR JURY TRIAL**

Plaintiff Santa Rosa Mall, LLC ("Santa Rosa Mall" or "plaintiff"), by and through undersigned counsel, files this complaint for professional negligence, breach of contractual duty, and breach of fiduciary duty against defendants Aon Risk Services Central, Inc. (formerly known as Aon Risk Services Inc. of Illinois), doing business as Aon Risk Insurance Services Central, Inc. and Aon Service Corporation (collectively "Aon" or "defendants"), alleging upon knowledge as to its own acts and upon information and belief as to all other matters, as follows:

**Nature of the Action**

1. This dispute arises out of Aon's failure to protect the rights of Santa Rosa Mall as an insured and/or loss payee under an insurance policy that was negotiated, drafted, placed, issued, serviced, and/or administered by Aon, an entity that also served as the Managing General Agent and authorized representative or producer (on behalf of the underwriters) as well as a broker/producer (retained by the first named insured). Because of Aon's professional negligence and breach of contractual and fiduciary duties, Santa Rosa Mall has not been indemnified for over $20,000,000 in property damage losses and ancillary, consequential and related damages sustained

in connection with damage to property in Puerto Rico during Hurricane Maria. Instead, insurance proceeds that should have been paid to Santa Rosa Mall as insured and/or loss payee under the policy were paid to the tenant which, in turn, without plaintiffs' knowledge or consent, purported to release the underwriters from liability for the loss.  Aon is responsible for the losses suffered by Santa Rosa Mall.

## The Parties

2. Santa Rosa Mall is a Delaware limited liability company the sole member of which is a limited liability company organized under the laws of Puerto Rico, and Santa Rosa Mall is duly authorized to do business in Puerto Rico.

3. Aon Risk Services Central Inc. (formerly known as Aon Risk Services Inc. of Illinois), doing business as Aon Risk Insurance Services Central, Inc. and Aon Service Corporation are corporations organized under the laws of Illinois with their principal place of business in Chicago, Illinois.  Aon is a large global professional insurance services firm.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), as the amount in controversy exceeds, exclusive of interest and costs, seventy-five thousand dollars ($75,000), and there is complete diversity of citizenship between plaintiff and defendants.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) as all of the property that is the subject of this action is situated in this judicial district, and the events that culminated in Santa Rosa Mall's loss occurred in this judicial district.

## Factual Background

6. Santa Rosa Mall is the owner of a Shopping Center in Bayamón, Puerto Rico (the "Shopping Center").

7. Santa Rosa Mall is an insured and/or loss payee under the property Contract of Insurance policy whose proceeds would and should have been, but were not, paid to Santa Rosa Mall.

8. The damaged property at issue is a department store building at the Shopping Center.

9. Aon's employees negotiated, underwrote, drafted, assembled, issued and/or serviced the property Contract of Insurance policy whose proceeds should have been paid to Santa Rosa Mall but were, instead, paid to the tenant.

**A.    The Lease Agreement**

10. On or about September 22, 1965, Santa Rosa Mall entered into a Lease Agreement with Sears, Roebuck de Puerto Rico, Inc. ("Sears," "Tenant," or the "first named insured") in which Santa Rosa Mall leased a retail area to Sears, identified as Store No. 1915, a department store in the Shopping Center (hereafter, the "Lease Agreement").  True and correct copies of the Lease Agreement and its amendments are attached hereto as **Exhibit 1**.

11. Pursuant to Section 6.01 of the Lease Agreement, Sears was required to "maintain at Tenant's [Sears'] sole cost and expense, *for the benefit of Landlord [Santa Rosa Mall]* and Tenant, insurance with respect to the Demised Premises," for "losses due to windstorm." *Id.* at 26 (emphasis added).

12. Per Section 6.02(a) of the Lease Agreement, "[i]f Tenant elects to effect such insurance through an insurance company, such policies shall be secured promptly and certificates thereof shall be furnished to Landlord. . . . Such policies shall contain loss payable clauses to Landlord and Tenant as [] provided in Section 6.03." *Id.* at 27.

13. Per Section 6.03(b)(3), "[i]n case such damage shall amount to over $100,000 [for losses due to windstorm]," then:

> *[t]he net sums recovered by Landlord and Tenant on account of loss or damage*, whether under the policies taken out as aforesaid, or under other insurance policies taken out by Tenant and indemnifying for physical loss (as distinguished from the loss of use and occupancy or profits), *shall be deposited in a special account in the name of Landlord*, separate and distinct from all other funds of Landlord in a bank or trust company of the City of San Juan, Puerto Rico approved by Landlord and Tenant, *to be applied on account of the cost of such restoration or rebuilding, as the case may be* . . . .

*Id.* at 28 (emphasis added).

### B. The Contract of Insurance

14. On or about May 30, 2017, Sears, pursuant to the terms of the Lease Agreement as stated herein and through the services of Aon, secured Contract of Insurance Policy No. PTNAM1701557 to cover Store No. 1915 and other Sears' stores for the period June 1, 2017 to June 1, 2018 (hereafter, the Contract of Insurance or "Policy" issued or subscribed by the "Underwriters"). A true and correct copy of the Policy is attached hereto as **Exhibit 2**.

15. Sears had secured similar property insurance contracts covering Store No. 1915 since the inception of the Lease Agreement, as required by the Lease Agreement.

16. Santa Rosa Mall was an insured and/or loss payee under those previously issued property contracts of insurance and is an insured and/or loss payee under the Policy.

17. Aon — while serving in its dual capacity as broker for Sears and Managing General Agent, producer, and/or authorized representative for the Underwriters, a dual capacity fraught with conflict — was extensively involved in the negotiation, placement, drafting, alleged issuance, administration, service and management of the Policy.

18. Aon's substantial and continuous involvement is evident throughout the Policy as evidenced by the following by way of example:

(a) The cover page of the Policy is an "Aon" form (*Id.*);

(b) The "Information for Aon Clients" page authorizes Aon to act as a "Managing General Agent" on behalf of the insurer and that in this role, Aon may be remunerated for its work that may include "profit or contingent commission" (*Id.*);

(c) The "Conditions" identify the policy as an "Aon Policy" (*Id.* at 6);

(d) The "Payment Terms" provide that "[p]remium payment to underwriters [is] to be effected by Aon [] on behalf of the (Re)Insured" (*Id.* at 7);

(e) "All documentation and information [is] to be recorded and/or transmitted electronically and stored electronically in Aon [] repositories" (*Id.*);

(f) "Aon [] [is] authorized to issue Certificate(s) or Evidence(s) of Insurance . . . naming Additional Named Insured(s), Loss Payee(s) . . . for their respective rights and interests . . . ." (*Id.* at 25);

(g) If the policy is canceled, copies are to be provided to Aon [] (*Id.* at 26); and

(h) The "Fiscal and Regulatory" section identifies Aon [] as the "Overseas Broker" and Aon [] as the "Surplus Line Broker" (*Id.* at 53).

19. A Managing General Agent, such as Aon here, is granted broad underwriting authority by insurers. By way of example:

(a) A Managing General Agent, such as Aon here, typically is authorized to administer insurance programs and negotiate contracts for the insurers they serve.

(b) A Managing General Agent's functions include binding coverage, underwriting and pricing, settling claims, and appointing retail agents in a certain region, all of which are otherwise carried out by insurers.

(c) A Managing General Agent manages all or part of the insurance business of an insurer, or insurers, and acts as an insurance agent for the insurer, while working as the intermediary between the insurers, other agents, and/or policyholders.

(d) Managing General Agents are often involved with more unusual lines of coverage in which special expertise is required, and frequently act in more geographically isolated areas where insurers are unable to establish local offices.

20. In addition to covering Store No. 1915, the Policy also provides rights and protections to Santa Rosa Mall as an insured. As is common in such property insurance policies,

and as would be obvious to any competent professional in the insurance industry, the Policy in this case not only covers the first named insured, here Sears, but also "any other party which the Insured [Sears] has the responsibility for providing insurance [*i.e.*, Santa Rosa Mall], as their respective interest may appear . . . ***all hereafter referred to as the 'Insured*.'"  (Policy at 1) (Emphasis in original).

21. The rights of Santa Rosa Mall as an insured are further memorialized in the Policy under the "Severability of Interest" section, which provides, in pertinent part, that: "***[e]ach of the Insureds*** insured by this policy will have the ***same protection and obligations*** as if the policy has been issued ***individually to each of them*** . . . ."  (*Id.* at 28) (Emphasis added).

### C. Property Damage to Store No. 1915

22. On or about September 20, 2017, Santa Rosa Mall's property at Store No. 1915 was substantially damaged by Hurricane Maria.

23. Store No. 1915 closed and has remained closed since September 20, 2017.

24. Santa Rosa Mall has sustained over $20,000,000 in losses and ancillary, consequential, incidental and related damages due to the property damage caused by Hurricane Maria and has yet to be reimbursed one penny from the Underwriters, while its losses are continuing and increasing.

### D. The Certificate of Insurance

25. Pursuant to the Policy, Aon was "authorized to issue Certificate(s) . . . of Insurance . . . naming Additional Named Insured(s) [or] Loss Payee(s) . . . ***for their respective rights and interests*.*"  (*Id.* at 25) (Emphasis added).

26. With this authorization, on or about October 25, 2017, Aon issued a Certificate of Property Insurance under # 570069040317 for the Policy, which covered Store No. 1915 for the

6

period of June 1, 2017 to June 1, 2018 (hereafter, "Certificate of Insurance").  A true and correct copy of the Certificate of Insurance is attached hereto as **Exhibit 3**.

27. The Certificate of Insurance is substantially the same certificate that Santa Rosa Mall received from Aon for, at a minimum, the preceding six years on behalf of Sears and the Underwriters.

28. Under the Certificate of Insurance, Aon is both the "Producer" and "Authorized Representative" and Santa Rosa Mall is the "Certificate Holder."  (*Id.*).

29. The Laws of Puerto Rico dictate that a producer that is also an authorized representative of the insurer (which is the case with respect to Aon) owes responsibility towards an insured (Santa Rosa Mall) and must fulfill certain duties.  *See, e.g.*, 26 L.P.R.A. § 949c.

30. The Laws of Puerto Rico state that "[t]he producer [here, Aon] shall fulfill the following duties, among others: . . . [p]rovide the consumer [*i.e.*, Santa Rosa Mall] with a clear and concise orientation about the coverage, benefits, limitations and exclusions of the insurance policy negotiated by him/her . . . [and] *[f]ulfill the duties* imposed according to other provisions of this Code *and with the principles of conduct* the Commissioner may establish through rules or regulations." (*Id.*) (Emphasis added).  Moreover, "[w]hen the producer acts as authorized representative of the insurer, he/she must also fulfill *all those other duties imposed by the insurer* by virtue of the contract subscribed between the parties." (*Id.*) (Emphasis added.)

31. While the Certificate of Insurance further memorializes Aon's duties and responsibilities (as a producer) with respect to Santa Rosa Mall (as an insured under the Policy), it *also* identifies Santa Rosa Mall as a "loss payee" under the Policy.  The Certificate of Insurance, under its "Special Conditions/Other Coverages," states that "Santa Rosa Mall, LLC . . . [is]

included as Loss Payee in accordance with the policy provisions of the [Policy] with respect to the property located at [Sears Store No. 1915 – Santa Rosa Mall, Bayamón, PR]." (*Id.*).

### E.     The Settlement Agreement and Bankruptcy Proceedings

32.    On October 15, 2018, Sears filed for Chapter 11 voluntary bankruptcy in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Case No. 18-23538 (RDD).

33.    On November 19, 2018, the Bankruptcy Court entered an Order Approving Global Bidding Procedures (ECF No. 816) regarding the sale or disposition of certain Sears' assets, and the procedures for the assumption and assignment of executory contracts and unexpired leases.

34.    On or about January 17, 2019 (the signature page was misdated as January 17, 2018), Sears, as Debtors under Chapter 11 of the Bankruptcy Code, executed a Settlement Agreement with the Underwriters, which collectively agreed to pay tens of millions of dollars to Sears with regard to claims arising from Hurricane Maria (hereafter, the "Settlement Agreement").

35.    On April 30, 2019, Sears, as Debtors, filed a Notice of Rejection of Certain Unexpired Leases of Nonresidential Real Property and Abandonment of Property in Connection Therewith (ECF No. 3449) rejecting the Santa Rosa Mall Lease Agreement for Store No. 1915.

36.    Through the rejection of the Lease Agreement, Sears effectively abandoned any interest in Store No. 1915, including any insurable interest it may have had in the insurance proceeds, which use of funds, in accordance with the Lease as per paragraph 13 above, were limited to restore or rebuild the damage at the Sears department store in the Shopping Center.

37.    Aon performed claims services under the Policy and received remuneration from the insurers in the manner specified under the Policy.

38. Aon failed to apprise Santa Rosa Mall – an insured with the "same protections" as Sears under the Policy – of the claims process under the Policy, the settlement discussions under the Policy or of the Sears Settlement Agreement itself.

39. In a letter dated July 2, 2019, Aon stated that it had "no records of a certificate being issued with Santa Rosa Mall as the certificate holder." Aon made this statement despite the fact that Aon *had issued* the Certificate of Insurance as producer and authorized representative and, per the Policy, *had agreed to store* all policy-related documentation, including Aon-issued certificates of insurance, in its repositories.

40. Santa Rosa Mall was unaware of Aon's negligent conduct before July 2, 2019, or nearly six months after Sears settled its Hurricane Maria-related claims, purported to release the Underwriters of further obligations under the Policy and agreed to indemnify the Underwriters against claims under the Policy by insureds such as Santa Rosa Mall.

41. Consequently, as a result of Aon's negligent and otherwise wrongful conduct as alleged herein, Santa Rosa Mall, as an insured and/or loss payee, has yet to receive reimbursement for any of the losses owed to it under the Policy for the damages caused by Hurricane Maria to the department store in its shopping center.

42. Santa Rosa Mall is presently unable to seek to collect the insurance proceeds from the Underwriters under the Policy in light of the release provided by Sears, an agreement by Sears to indemnify the settling Underwriters, and the automatic stay imposed by the Bankruptcy Court. Santa Rosa Mall's efforts to obtain relief from the bankruptcy stay as to the claim against the Underwriters have been as of this date unsuccessful.

43. Santa Rosa Mall obtained relief from the bankruptcy stay as to the claim against Aon on October 30, 2019.

## FIRST CLAIM FOR RELIEF
### (Professional Negligence)

44. Plaintiff incorporates paragraphs 1 through 43 in full by this reference.

45. Aon, in its various roles as Managing General Agent, producer, authorized representative, and broker, owed a duty to Santa Rosa Mall, as an insured with the "same protections" as Sears under the Policy, and/or a loss payee under the Policy, to exercise due care and perform certain duties in accordance with the recognized and accepted professional standards accepted in the industry.

46. Aon negligently breached its duty when it failed to protect the rights of Santa Rosa Mall and the insurable interest that Santa Rosa Mall has in the Policy.

47. Aon had a duty to protect all and each of the individual insureds under the Policy, and a duty to make sure that nothing would undermine and injure the interest that Santa Rosa Mall had in obtaining insurance policy proceeds to restore or rebuild the damage to the department store in its shopping center.

48. Aon's negligence has resulted in significant loss to Santa Rosa Mall, including, at a minimum, $20,000,000 in property damage that Santa Rosa Mall has yet to be reimbursed for under the Policy, along with ancillary, consequential and related damages.  These losses are continuing and increasing.

49. As a direct and proximate result of Aon's negligence and resulting breach of its duty of professional care, Santa Rosa Mall has been damaged in an amount in accordance with proof at trial.

## SECOND CLAIM FOR RELIEF
### (Breach of Contractual Duty)

50. Plaintiff incorporates paragraphs 1 through 49 in full by this reference.

51. Aon was aware of Santa Rosa Mall's long-term legal status as Sears' landlord of Sears store 1915 in the Shopping Center in Bayamón, Puerto Rico.

52. Aon had procured insurance annually, for over a period of many years, naming Santa Rosa Mall as an additional insured or loss payee under the annually-issued policies of insurance for Sears store 1915, including the instant Contract of Insurance.

53. Aon issued a certificate of insurance to Santa Rosa Mall for the policy year period from June 1, 2017 to June 1, 2018.

54. Aon was also fully aware that every insured under the Policy has full rights under the policy.

55. Aon was aware of its duties to Santa Rosa Mall as an additional insured or loss payee under the Policy and the certificate evidencing Santa Rosa Mall's rights under the Policy.

56. Aon had, and has, duties to Santa Rosa Mall pursuant to the laws of Puerto Rico, and otherwise, including but not limited and pursuant to 26 L.P.R.A. § 949c and the principle of good faith which applies to all business relationships, including insurance transactions which are highlighted as they demand that the parties act with the utmost good faith.

57. Aon, in its various roles as Managing General Agent, producer, authorized representative, and broker, owed a non-delegable duty to Santa Rosa Mall, as an insured with the "same protections" as Sears under the Policy, and a loss payee under the Policy and the Certificate of Insurance, to reasonably expect that Santa Rosa Mall's interests were fully protected and the insurance proceeds for Sears store 1915 were paid for the benefit of Santa Rosa Mall.

58.     Aon breached its duty when it failed to protect the rights of Santa Rosa Mall and the insurable interest Santa Rosa Mall has in the Policy.

59.     Aon had a duty to protect all of the insureds under the Policy, and a duty to make sure that nothing would undermine and injure the interest that Santa Rosa Mall had in obtaining its rightful insurance policy proceeds to repair or restore the damage at the department store site in its shopping center.

60.     Aon's breach of its duty has resulted in significant loss to Santa Rosa Mall, including, at a minimum, $20,000,000 in property damage that Santa Rosa Mall has yet to be reimbursed for under the Policy, along with ancillary, consequential and related losses.  These losses are continuing and increasing.

61.      As a direct and proximate result of Aon's breach of its duty to Santa Rosa Mall, Santa Rosa Mall has been damaged in an amount in accordance with proof at trial.

**THIRD CLAIM FOR RELIEF**
**(Breach of Fiduciary Duty)**

62.     Plaintiff incorporates paragraphs 1 through 43 and 50 through 61 in full by this reference.

63.     Aon, in its various roles as Managing General Agent, producer, authorized representative, and broker, owed multiple fiduciary duties to Santa Rosa Mall as insured and/or loss payee.

64.     Santa Rosa Mall placed trust and confidence, and otherwise depended on, Aon to perform its obligations to Santa Rosa Mall in its various roles and capacities, which are significantly enhanced because of Aon's worldwide recognition as a leading insurance professional.

65. The Laws of Puerto Rico also require that a producer, solicitor, and adjuster must "be trustworthy and competent" (26 L.P.R.A. §§ 950i (producers), 951d (solicitor), 951p (agents)) and that, moreover, "[t]he Commissioner shall not issue, renew, or permit the licenses of any general agent, producer, authorized representative, solicitor, adjuster, or consultant to exist" with respect to any entity that is not "[]trustworthy or []competent" (26 L.P.R.A. § 949m).

66. Aon's conduct, as alleged above, failed to meet the heightened standards of trust, competence, and care owed in a fiduciary relationship.

67. Aon breached its fiduciary duties when it failed to protect the rights of Santa Rosa Mall and the insurable interest Santa Rosa Mall has in the Policy and its property covered by the Policy.

68. Aon had a fiduciary duty to protect Santa Rosa Mall under the Policy, and a fiduciary duty to make sure that nothing would undermine and injure the interest that Santa Rosa Mall had in obtaining its rightful insurance Policy proceeds to restore or rebuild the damage to the department store in its shopping center.

69. Aon's breaches of its fiduciary duties have resulted in significant loss to Santa Rosa Mall, including, at a minimum, $20,000,000 in property damage that Santa Rosa Mall has yet to be reimbursed for under the Policy, which includes ancillary, consequential and related losses. These losses are continuing and increasing.

70. As a direct and proximate result of Aon's breaches of its fiduciary duties to Santa Rosa Mall, Santa Rosa Mall has been damaged in an amount in accordance with proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

  A. On the First Claim for Relief: An award of damages in accordance with proof at trial;

  B. On the Second Claim for Relief: An award of damages in accordance with proof at trial;

  C. On the Third Claim for Relief: An award of damages in accordance with proof at trial; and

  D. On all Claims for Relief: An award of reasonable costs, expenses, pre-judgment legal or commercial interest, attorneys' fees and such further relief as is just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.

Dated: June 30, 2020       Respectfully submitted,

            s/ Carlos R. Rios Gautier
            Carlos R. Rios Gautier (USDC No. 112606)
            Rios Gautier & Cestero, P.S.C.
            27 Gonzalez Giusti
            Suite 300
            Guaynabo, Puerto Rico  00968-3076
            riosgautierlaw@yahoo.com

            Melissa C. Rodriguez (USDC No. 230809)
            MORGAN, LEWIS & BOCKIUS LLP
            101 Park Avenue
            New York, New York 10178-0060
            Tel: 212.309.6000
            Fax: 212.309.6001
            melissa.rodriguez@morganlewis.com

            *Attorneys for Plaintiff Santa Rosa Mall, LLC*

<u>OF COUNSEL</u>:

Jeffrey S. Raskin (*pro hac vice* forthcoming)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California 94105
Tel: 415.442.1000
Fax: 415.442.1001
jeffrey.raskin@morganlewis.com

Paul A. Zevnik (*pro hac vice* forthcoming)
Teri J. Diaz (*pro hac vice* forthcoming)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: 202.739.3000
Fax: 202.739.3001
paul.zevnik@morganlewis.com
teri.diaz@morganlewis.com